United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEPHEN S. HURST,                          ) Case No. 11-3364 SC
                                           )
            Plaintiff,                     ) ORDER GRANTING PLAINTIFF'S
                                           ) MOTION TO REMAND
    v.                                     )
                                           )
FUTURESELECT PORTFOLIO MANAGEMENT,         )
INC., a Delaware Corporation;              )
FUTURESELECT PRIME ADVISOR II LLC;         )
a Delaware Limited Liability              )
Company; ALDARRA FUND SPC, a Grand        )
Cayman Islands Segregated                  )
Portfolio Company, RONALD C. WARD,         )
an individual; and DOES 1-50,              )
inclusive,                                 )
                                           )
            Defendants.                    )
_____)

I.   **INTRODUCTION**

        Before the Court is a Motion to Remand filed by Plaintiff

Stephen S. Hurst ("Plaintiff" or "Hurst").  ECF No. 11 ("Mot.").

Defendants FutureSelect Portfolio Management, Inc.

("FutureSelect"), FutureSelect Prime Advisor II LLC ("Prime Advisor

LLC"), Aldarra Fund SPC ("Aldarra"), and Ronald C. Ward ("Ward")

(collectively, "Defendants") filed an Opposition.  ECF No. 21.

("Opp'n").  Plaintiff submitted a Reply.  ECF No. 26. ("Reply").

For the following reasons, Plaintiff's Motion is GRANTED.

///

///

**United States District Court**
For the Northern District of California

## II. **BACKGROUND**

This action arises from Plaintiff's efforts to recover $600,000 he allegedly lost due to the "ponzi scheme" run by Bernard Madoff. Plaintiff is a resident of Foster City, California. ECF No. 1 ("Not. of Removal") Ex. A ("FAC") ¶ 2.[1] He alleges that: Prime Advisor LLC is a hedge fund; Aldarra is the parent entity of Prime Advisor LLC; FutureSelect is an investment firm that serves as the fund manager of Aldarra and Prime Advisor LLC; and Ward is the CEO and owner of FutureSelect and a resident if Washington. FAC ¶¶ 4-5.

Plaintiff alleges that in early 2008 his financial advisor, KSM Capital Advisors ("KSM"), approached him about the prospect of investing in Aldarra. _Id._ ¶ 9. KSM provided him with Aldarra's Offering Memorandum and advertising materials that described Aldarra and the various hedge funds, including Prime Advisor LLC, that were part of Aldarra's portfolio. _Id._ Plaintiff alleges that, in reliance on the offering memorandum and advertising materials, he invested $600,000 of his retirement savings in Prime Advisor LLC. _Id._ ¶ 13. He alleges that, unbeknownst to him, Prime Advisor LLC was simply a "feeder fund" that invested its assets -- through a variety of intermediaries -- with Bernard L. Madoff Investment Securities, Inc. ("BLMIS"). _Id._ ¶ 14.

Plaintiff did not know that his funds had been invested in BLMIS until FutureSelect informed him of this fact in December 2008, when BLMIS was publicly revealed to be a fraudulent "ponzi

---

[1] Exhibit A to the Notice of Removal contains both Plaintiff's original complaint and his First Amended Complaint ("FAC"), as both were filed in state court.

scheme."  Id. ¶ 16.  In light of this revelation, Plaintiff alleges that the Aldarra Offering Memorandum was materially false and misleading because, inter alia, it described Prime Advisor LLC's objective as "low volatility" and "provid[ing] consistent, risk-adjusted returns," and it stated that Prime Advisor LLC had earned an average annual rate of return of 11.65 percent since January 1998.  Id. ¶¶ 10-11, 14.  Plaintiff also alleges that the advertising materials he received were prepared by Defendants and contained false statements describing Prime Advisor LLC/Aldarra as a "Low Volatility, Bond Alternative" and representing that it had earned an average annual return of 11.42 percent since inception.  Id. ¶¶ 12, 14.

Plaintiff filed this action on December 13, 2010 in the Superior Court of California, County of San Mateo.  Not. of Removal Ex. A ("Compl.").  He filed the FAC on June 16, 2011, asserting the following four state law causes of action: (1) fraud against all Defendants; (2) negligent misrepresentation against all Defendants; (3) violation of California Corporations Code Section 25401 against Aldarra and Prime Advisor LLC; and (4) control person liability under California Corporations Code Section 25504 against Ward, Aldarra, and FutureSelect.  See FAC.  On July 7, 2011, Defendants removed the case to federal court on the basis of diversity jurisdiction.  Not. of Removal ¶ 6.

In his Motion, Plaintiff argues that removal was improper because Prime Advisor LLC is actually a California citizen, and because Defendants did not properly plead the citizenship of Prime Advisor LLC and Aldarra.  Mot. at 1.  In response, Defendants argue

that removal was proper because Prime Advisor LLC was fraudulently joined.  Plaintiff replies that Defendants' fraudulent joinder argument is time-barred and that Prime Advisor LLC was properly joined.  Plaintiff also seeks attorney's fees.

## III. <u>LEGAL STANDARD</u>

Any civil action brought in a state court may be removed to this Court if there is complete diversity of citizenship and where the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1332, 1441.  The Court may remand an action to state court for lack of subject matter jurisdiction or for any defect in the removal procedure.  <u>See</u> 28 U.S.C. § 1447(c); <u>Tengler v. Spare</u>, No. C-95-33421 SI, 1995 WL 705142, at *2 (N.D. Cal. Nov. 15, 1995).  As a general rule, the court must strictly construe the removal statute, "and any doubt about the right of removal requires resolution in favor of remand."  <u>Moore-Thomas v. Alaska Airlines, Inc.</u>, 553 F3d 1241, 1244 (9th Cir 2009).  "The presumption against removal means that the defendant always has the burden of establishing that removal is proper."  <u>Id.</u> (internal quotations omitted).

A defendant may remove a case lacking complete diversity and seek to persuade the district court that any non-diverse defendant was fraudulently joined.  <u>McCabe v. Gen. Foods Corp.</u>, 811 F.2d 1336, 1339 (9th Cir. 1987).  "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."  <u>Id.</u>  A defendant must prove fraudulent joinder by clear and convincing evidence, and there is a

**United States District Court**
For the Northern District of California

1  general presumption against fraudulent joinder.  <u>Hamilton</u>

2  <u>Materials, Inc. v. Dow Chem. Corp.</u>, 494 F.3d 1203, 1206 (9th Cir.

3  2007).

4

5  **IV.   DISCUSSION**

6       **A.   <u>Remand</u>**

7       Defendants removed this action, alleging in the Notice of

8  Removal that complete diversity of citizenship exists.  Defendants

9  alleged that Prime Advisor LLC is a Delaware LLC with its principal

10 place of business in Washington; FutureSelect is a Delaware

11 corporation with its principal place of business in Washington,

12 Aldarra is a segregated portfolio company organized under the laws

13 of Grand Cayman Islands with its principal place of business in

14 Washington, and Ward is a citizen of Washington.  Relying on 28

15 U.S.C. § 1332(c)(1), which states that "a corporation shall be

16 deemed to be a citizen of any State by which it has been

17 incorporated and of the State where it has its principal place of

18 business," Defendants alleged that Prime Advisor LLC and

19 FutureSelect are citizens of Delaware and Washington, and that

20 Aldarra is a citizen of Grand Cayman Islands and Washington.

21      Plaintiff, in his moving papers, argues that Defendants erred

22 by treating Aldarra and Prime Advisor LLC as though they were

23 corporations for citizenship purposes when in fact they are not.

24 Plaintiff argues that for purposes of diversity jurisdiction, all

25 artificial entities other than corporations are citizens of the

26 states of which their members are citizens.  Mot. at 5 (citing

27 <u>Carden v. Arkoma Assoc.</u>, 494 U.S. 185, 189 (1990)).  He thus argues

28

**United States District Court**
For the Northern District of California

1   that the Notice of Removal is procedurally defective because

2   Defendants did not plead the citizenship of the members of Aldarra

3   or Prime Advisor LLC.  More fundamentally, Plaintiff argues that

4   complete diversity does not exist in this case because Plaintiff, a

5   California resident, is a member of Prime Advisor LLC, which

6   renders Prime Advisor LLC a citizen of California for diversity

7   purposes.

8       Under clearly established Ninth Circuit law, "an LLC is a

9   citizen of every state of which its owners/members are citizens."

10   <u>Johnson v. Columbia Props. Anchorage, LP</u>, 437 F.3d 894, 899 (9th

11   Cir. 2006).  In light of this rule, Defendants concede that the

12   citizenship of Prime Advisor LLC is properly determined by the

13   citizenship of its members.[2]  Defendants also apparently concede

14   that under this rule Prime Advisor LLC is a California citizen.

15   Nevertheless, Defendants argue that Prime Advisor LLC's citizenship

16   should be disregarded under the fraudulent joinder doctrine.

17       Specifically, Defendants contend that the fraudulent joinder

18   doctrine applies because Plaintiff has mistakenly sued Prime

19   Advisor LLC when, in fact, Plaintiff has no relationship with Prime

20   Advisor LLC.  Opp'n at 1.  Defendants believe that Plaintiff is

21   confusing Prime Advisor LLC with a portfolio of shares in which

22   Aldarra invested, which is named "Prime Advisor Segregated

23   Portfolio Shares."  <u>Id.</u>  Due to this mistake, Defendants contend,

24   Plaintiff cannot state a claim against Prime Advisor LLC, rendering

---

25

26   [2] Defendants still maintain, however, that the citizenship of
  Aldarra, a segregated portfolio company, is determined under the
  rule that applies to corporations.  Because the citizenship of

27   Aldarra is irrelevant to the Court's decision, the Court does not
  address which rule of citizenship applies to segregated portfolio

28   companies.

the joinder of Prime Advisor LLC fraudulent.  Plaintiff vigorously denies any confusion and asserts that he owns shares of Prime Advisor LLC.  Both sides submit documentary evidence in support of their position.

Whatever the merits of Defendants' fraudulent joinder argument, the Court need not reach it.  Because Defendants did not allege fraudulent joinder in their Notice of Removal, and the time period for amending the Notice has passed, the claim is time-barred.  Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal within thirty days of receiving a "paper from which it may first be ascertained that the case is removable."  After the thirty day period has expired, "the removal petition cannot be . . . amended to add allegations of substance."  Barrow Dev. Co. v. Fulton Ins. Co., 418 F.2d 316, 317 (9th Cir. 1969).  Allegations of fraudulent joinder constitute a substantive basis for removal that must be raised before the thirty-day removal deadline expires. Awasthi v. Infosys Techs., Ltd., No. C-10-0783 JCS, 2010 U.S. Dist. LEXIS 57824, at *12 (N.D. Cal. May 21, 2010) ("the Defendants' arguments in opposition to the present remand motion regarding fraudulent joinder are beyond the thirty day time limit and will not be considered by this Court"); Dean Witter Reynolds, Inc. v. Swett & Crawford, No. C-92-3841-JPV, 1992 U.S. Dist. LEXIS 20093, at *2-3 (N.D. Cal. Dec. 23, 1992) (holding fraudulent joinder claim was time-barred when raised in opposition to motion to remand after 30-day removal period).

Here, Defendants allege that they first learned the case was removable when they received Plaintiff's FAC on June 16, 2011.

**United States District Court**
For the Northern District of California

1  Not. of Removal ¶¶ 1-2.  They did not raise the issue of fraudulent

2  joinder until their Opposition, which was filed on August 22, 2011,

3  well after the expiration of the thirty-day removal period.

4      For the foregoing reasons, the Court finds that Defendants

5  have failed to meet their burden of establishing that complete

6  diversity exists.  <u>See</u> <u>Moore-Thomas</u>, 553 F.3d at 1244 ("the

7  defendant always has the burden of establishing that removal is

8  proper").  Accordingly, the Court GRANTS Plaintiff's Motion to

9  Remand.

10      **B.  <u>Attorney's Fees</u>**

11      Title 28 U.S.C. § 1447(c) provides, in relevant part, that

12  "[a]n order remanding the case may require payment of just costs

13  and any actual expenses, including attorney fees, incurred as a

14  result of the removal."  A district court is permitted under 28

15  U.S.C. § 1447(c) to award attorney's fees if the removing party

16  lacked an objectively reasonable basis for the removal.  <u>Martin v.</u>

17  <u>Franklin Capital Corp.</u>, 546 U.S. 132, 136 (2005).

18      Plaintiff argues that Defendants lacked an objectively

19  reasonable basis for removal because they overlooked the Ninth

20  Circuit's holding in <u>Johnson</u> that the citizenship of a limited

21  liability company is determined by the citizenship of its members.

22  Despite their oversight, however, it is conceivable that Defendants

23  may have prevailed had they properly alleged fraudulent joinder in

24  the Notice of Removal.  The Court cannot conclude on this record

25  that Defendants' conduct was objectively unreasonable.

26      Plaintiff's request for attorney's fees is therefore DENIED.

27  ///

28

**United States District Court**
For the Northern District of California

**V.   CONCLUSION**

    For the reasons stated above, Plaintiff Stephen S. Hurst's Motion to Remand this case to the Superior Court of California, County of San Mateo, is GRANTED.  Plaintiff's request for attorney's fees is DENIED.


    IT IS SO ORDERED.


Dated: December 16, 2011

_____
UNITED STATES DISTRICT JUDGE